**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**DEMETRIA A. FOSTER**                                                    **CIVIL ACTION**

**VERSUS**                                                                          **N0:  22-4377**

**WHITE HOUSE, ET AL.**                                            **SECTION: "I" (5)**

## REPORT AND RECOMMENDATION

On November 15, 2022, this Court granted Plaintiff Demetria A. Foster's pauper application but ordered Plaintiff to show cause no later than December 16, 2022 why Plaintiff's complaint should not be summarily dismissed for lack of subject matter jurisdiction.  (Rec. doc. 3).  Plaintiff responded to that order on December 16, 2022.  (Rec. doc. 4).  Having reviewed that response, the Court rules as follows.

Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint set forth "'sufficient facts from which the court can determine the existence of subject matter jurisdiction and from which the defendants can fairly appreciate the claim made against them.'"  *Kinchen v. Sharp*, No. 11-1040, 2012 WL 700920, at *2 (E.D. La. Feb. 10, 2012) (quoting *Bremer v. Hous. Auth. of New Orleans*, No. 98-2735, 1999 WL 298795, at *1 (E.D. La. May 12, 1999)).  While Rule 8's pleading standard does not require "detailed factual allegations," it does demand more than an "unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555-57).  Even the complaints of *pro se* litigants must convince the Court that a plaintiff has a colorable claim.  *Mills v. Crim. Dist. Ct. No. 3*, 837 F.2d 677, 678 (5th Cir. 1988) (stating that "[a]lthough we treat pro se pleadings more liberally, some facts must be alleged that convince us that the plaintiff has a colorable claim; conclusory allegations will not suffice.").

Federal courts are courts of limited jurisdiction. "Subject matter jurisdiction may not be waived, and the district court 'shall dismiss the action' whenever 'it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter.'" *Avitts v. Amoco Prod. Co.*, 53 F.3d 690, 693 (5th Cir. 1995) (quoting Fed. R. Civ. P. 12(h)(3)). The party seeking the federal forum, in this case Plaintiff, has the burden of establishing diversity jurisdiction. *Bynane v. Bank of N.Y. Mellon*, 866 F.3d 351, 356 (5th Cir. 2017) (citation omitted). If subject matter jurisdiction over the complaint is lacking, dismissal is appropriate for that reason and pursuant to Section 1915. *Humphries v. Various Fed. U.S. INS Emps.*, 164 F.3d 936, 941 (5th Cir. 1999) (citation omitted).

One basis for subject matter jurisdiction is diversity under 28 U.S.C. § 1332. Federal diversity jurisdiction requires the party to demonstrate that (1) complete diversity of citizenship exists between the parties and (2) the amount in controversy exceeds $75,000.00, exclusive of interest and costs. *Garcia v. Koch Oil Co. of Tex., Inc.*, 351 F.3d 636, 638 (5th Cir. 2003) (citing *St. Paul Reins. Co. v. Greenburg*, 134 F.3d 1250, 1253 (5th Cir. 1998)). Complete diversity exists when "no party on one side [is] a citizen of the same State as any party on the other side." *Bynane*, 866 F.3d at 355 (citation omitted); *Corfield v. Dallas Glen Hills, L.P.*, 355 F.3d 853, 857 (5th Cir. 2003) (citation omitted); *Getty Oil Corp., Div. of Texaco, Inc. v. Ins. Co. of North Am.*, 841 F.2d 1254, 1258-59 (5th Cir. 1988); *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974) (citation omitted)

Plaintiff purports to invoke both this Court's diversity and federal question jurisdiction. (Rec. doc. 1 at p. 3). Plaintiff identifies herself and seven Defendants: White House, Office of Governor John Bel Edwards, New Orleans Mayor Office, Family Justice Center, an Unidentified Party, Giovan Jackson, and Tulane Hospital. Plaintiff does not

specify the citizenship of either herself or any of the Defendants.  The Court notes that most

Defendants are reflected to have Louisiana addresses, suggesting they may well be

Louisiana citizens.  (*Id.* at pp. 1-2).  Plaintiff later randomly lists Divine Associate Street as a

second Plaintiff who has Georgia citizenship and a Jennifer Hambuer as a Defendant with

Georgia citizenship.  (*Id.* at p. 3).  Neither of these two parties are reflected in the case

caption but only in the section that addresses diversity jurisdiction.   To properly allege

diversity jurisdiction under Section 1332, the parties need to allege "complete diversity."

*MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019) (citing

*McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004) (per curiam)).  As noted,

that means "all persons on one side of the controversy [must] be citizens of different states

than all persons on the other side."  *Id.* (quotation omitted).  Plaintiff's response to the rule

to show cause does not mention diversity nor clarify the citizenship of any party.

Accordingly, Plaintiff's complaint does not reflect the presence of diversity jurisdiction

under Section 1332.

Another basis for jurisdiction typically invoked in civil cases is federal question

jurisdiction. 28 U.S.C. § 1331. Federal question jurisdiction is assessed under the well-

pleaded complaint rule which requires that a federal question appear on the face of the

well-pleaded complaint.  *Gutierrez v. Flores*, 543 F.3d 248, 251-52 (5th Cir. 2008).

Likewise, Plaintiff's complaint reflects no basis for finding federal question

jurisdiction.  In response to the form's direction to identify the federal statute at issue if the

basis for jurisdiction is federal question, Plaintiff appears to cite only to sections of the

Louisiana Constitution but to no federal law.  (Rec. Doc. 1 at p. 3).  In her response to the

show cause order, Plaintiff fails to rectify this mistake.  While she lists numerous sections of

a "constitution," none of the sections cited appear in the Federal Constitution.  Plaintiff also fails to provide any facts whatsoever to support her claim in her complaint or in her response to the order to show cause, and in response to the instruction to write a "short and plain statement of the claim," she only asserts generally that Defendants violated her Constitutional rights.  (*Id.* at p. 4). Her requested relief is unclear as well.  (*Id.*).  On its face, Plaintiff's complaint does not reflect a colorable claim arising under federal law as necessary to support federal question jurisdiction under Section 1331.  Accordingly, Plaintiff's Complaint appears to lack any basis for this Court's exercise of subject matter jurisdiction.  For these reasons,

IT IS RECOMMENDED that Plaintiff's complaint be DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction.

## NOTICE OF RIGHT TO OBJECT

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996) (en banc).[1]

New Orleans, Louisiana, this  13th  day of _____January_____, 2023.

---

[1] *Douglass* referenced the previously-applicable 10-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to 14 days.

_____

**MICHAEL B. NORTH**
**UNITED STATES MAGISTRATE JUDGE**