UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DEMETRIA A. FOSTER                                                CIVIL ACTION

VERSUS                                                                     No. 22-4377

WHITE HOUSE ET AL.                                         SECTION I

## ORDER & REASONS

Before the Court is plaintiff Demetria A. Foster's ("Foster") motion[1] for leave

to proceed in forma pauperis ("IFP") on appeal. For the reasons below, the Court

denies the motion.

## I.        FACTUAL BACKGROUND

On January 31, 2023, this Court issued an order[2] adopting the U.S. Magistrate

Judge's report and recommendation[3] that Foster's complaint should be dismissed for

lack of subject matter jurisdiction. The U.S. Magistrate Judge's report and

recommendation noted that Foster failed (1) to satisfy her burden of establishing

complete diversity of citizenship between the parties, (2) to identify the federal law

pursuant to which she seeks relief, and (3) to "provide any facts whatsoever to support

her claim . . . ."[4] Accordingly, the report and recommendation concluded that Foster's

---

[1] R. Doc. No. 12.
[2] R. Doc. No. 9.
[3] R. Doc. No. 7.
[4] *Id.* at 3–4.

complaint failed to establish either diversity jurisdiction or federal question jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1331, respectively.[5]

Foster timely filed an objection[6] to the report and recommendation, which the Court reviewed and overruled. The Court approved the U.S. Magistrate Judge's report and recommendation and adopted it as its opinion.[7] The Court accordingly entered judgment in favor of the defendants, dismissing Foster's lawsuit without prejudice for lack of subject matter jurisdiction.[8] Foster subsequently filed a notice of appeal[9] and the instant motion for leave to proceed IFP on appeal.

## II.   LAW & ANALYSIS

The Court finds that Foster's appeal is not taken in good faith. Pursuant to 28 U.S.C. § 1915(a)(3), "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." *See also* Fed. R. App. P. 24(a)(3). "'Good faith' is demonstrated when a party seeks appellate review of any issue 'not frivolous.'" *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (quoting *Coppedge v. United States*, 369 U.S. 438, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962)). An appeal is not frivolous when it "involves legal points arguable on their merits." *Harvey v. Paxton*, 853 F. App'x 999, 1000 (5th Cir. 2021) (quoting *Howard*, 707 F.2d at 220) (quotations omitted). Significantly, "[d]istrict courts are vested with especially broad discretion

---

[5] *Id.*
[6] R. Doc. No. 8.
[7] R. Doc. No. 9.
[8] R. Doc. No. 10.
[9] R. Doc. No. 11.

in making the determination of whether an IFP proceeding is frivolous." *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

Foster does not set forth any legal points arguable on the merits in support of her appeal. The same infirmities found in her complaint, her letters[10] in response to the U.S. Magistrate Judge's order to show cause, and her objection also plague her appeal.[11] Consequently, pursuant to 28 U.S.C. § 1915(a)(3) and Rule 24(a)(3) of the Federal Rules of Appellate Procedure, the Court certifies that Foster's appeal is not taken in good faith. Pursuant to Federal Rule of Appellate Procedure 24(a)(5), Foster may "file a motion to proceed on appeal in forma pauperis in the court of appeals within 30 days after service of the notice" of this denial.

**IT IS ORDERED** that the Foster's application for leave to proceed in forma pauperis on appeal is **DENIED**.

New Orleans, Louisiana, March 1, 2023.

LANCE M. AFRICK
**UNITED STATES DISTRICT JUDGE**

---

[10] R. Doc. Nos. 5, 6.

[11] Foster's notice of appeal fails to identify the citizenship of all parties sufficient to establish complete diversity of citizenship exists, and cites the same sections of what appears to be the Louisiana Constitution cited in her complaint without identifying a federal law that could serve as the basis for federal question jurisdiction.